[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Maria Foden, Esq. Defense Counsel, for Petitioner
John M. Bailey, Esq. State's Attorney, for the State
BY THE DIVISION
After trial by jury petitioner was convicted of possession of narcotics with intent to sell by a non-drug dependent person in violation of Connecticut General Statutes Section 21a-278 (a), and possession of cocaine in violation of Connecticut General Statutes Section 21a-279 (a). A sentence of twelve years, execution suspended after eight years followed by four years probation with specific conditions was imposed on the first charge and a concurrent sentence of three years was imposed on the second charge.
The net effective sentence imposed was twelve years execution suspended after eight years and four years probation with conditions.
The facts underlying the convictions here indicate that in September, 1989 a search and seizure warrant was executed on a grocery store in Hartford. In the course of the search police discovered petitioner and Jorge Pagan behind the service counter. The officer observed petitioner stuff a brown paper bag behind the counter. The bag contained twenty-four bags of narcotic substance. Petitioner also had cocaine on his person as well as $735.00.
In arguing for the reduction in sentence, petitioner's attorney stressed his age and lack of criminal record at the time of the offense. She stressed that petitioner admitted his guilt but that he was a young man who had been taken advantage of by his employer and that he was selling drugs as a part of his employment in the store. Speaking on his own behalf, petitioner confirmed this.
The attorney stated that petitioner was at the time of the offense, a drug dependent person who is now in a program to correct the problem. It was stated that petitioner was from a strong supportive family. A reduction of the sentence to the minimum mandatory five years was recommended.
In arguing against any reduction the State's Attorney invited the court to examine the reasons given by the sentencing Judge for the sentence imposed.
The sentencing Judge clearly articulated his reasons for the sentence imposed. He considered petitioner's age and maturity, his relationship with his employer and the fact that he may have been taking drugs himself at the time. The Judge also considered the serious nature of the offenses and the range of sentences which legislature had provided for such offences.
The legislature has provided heavy sentences for those CT Page 2131 who have been convicted of trafficking in narcotics. It was proper for the judge to take this into consideration in the imposition of sentences, State v. Tucker, 219 Conn. 752, 759
(1991).
Considering all of the factors brought to the attention of the division in this case and matters set forth in Connecticut Practice Book Section 942, the sentence should not be modified.
Accordingly, the sentence is affirmed.
PURTILL, JUDGE KLACZAK, JUDGE NORKO, JUDGE
Purtill, J., Klaczak, J. and Norko, J., participated in this decision.